# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL FINEGOLD,<br><br>          Plaintiff,<br><br>v.<br><br>SPROUTS FARMERS MARKET, INC.,<br><br>          Defendant. | Case No. 21-cv-00130-BAS-JLB<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

  Before the Court is Defendant's Response to the Court's April 2, 2021 Order to Show Cause ("OSC") regarding subject matter jurisdiction. (ECF No. 7.) The Court's OSC noted deficiencies in Defendant's allegations regarding both diversity of citizenship and the amount in controversy. Because Defendant's allegations regarding the amount in controversy remain deficient, this action is subject to remand.[1]

  In its Response, Defendant reiterates that it has been unable to ascertain the amount in controversy because Plaintiff did not respond to Defendant's inquiries about the value of the case. Specifically, Defendant represented to Plaintiff that if she stipulated that her damages did not exceed $75,000, Defendant would agree to keep the case in state court. (Decl. of Mark I. Melo ("Melo Decl.") ¶ 6, ECF No. 7-1; *see also* Ex. E to Melo Decl.,

---

[1] Because Defendant's inadequate allegations concerning the amount in controversy alone destroy subject matter jurisdiction, the Court does not reach the sufficiency of Defendant's allegations related to the parties' diversity of citizenship.

ECF No. 7-6.) Defendant filed the Notice of Removal nine days after it made its inquiry, during which it received no response from Plaintiff. (Resp. at 4.)

"[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Parties seeking to remove an action must abide by one of two thirty-day windows for removability set out in the governing statute. *See* 28 U.S.C. § 1446(b). First, where the initial pleading establishes a ground for removal on its face, a party seeking to remove must do so within 30 days of receiving the pleading. *See Harris*, 425 F.3d at 695 ("[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin."). If the initial pleading is indeterminate about the grounds for removal—e.g., it does not state the plaintiff's citizenship or the amount in controversy—then it is not removable. *Id.* at 694 ("If no ground for removal is evident in [the initial] pleading, the case is 'not removable' at that stage.").[2] However, under the second window of removal, "the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Id.* (quoting 28 U.S.C. § 1446(b)).

Here, considering the amount in controversy cannot be determined from the face of the initial Complaint and Defendant has not identified any "other paper" from which it can be ascertained, Defendant's removal attempt is premature. Section 1446(b) is intended to prevent precisely the type of "premature and protective removals" present here. *See id.* at 698 ("Our interpretation of 28 U.S.C. § 1446(b) is consistent with the goal of the canon, which guards against premature and protective removals and minimizes the potential for a

---

[2] Under the removal statute, a court can find bad faith where a plaintiff "deliberately fail[s] to disclose the actual amount in controversy to prevent removal," which in turn applies to toll the one-year limitation for removal. 28 U.S.C. 1446(c)(1), (c)(3)(B). However, as stated in the Court's previous order, timeliness concerns have been waived because Plaintiff did not move to remand the action. (*See* OSC at 3 n.1.)

- 2 -

21cv130

cottage industry of removal litigation."); *see also Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 691–92 (9th Cir. 2006) (remanding action to state court case to "avoid[] encouraging the sort of premature removal presented to [the court]" where defendant removed seven days after the action was filed but "failed to present to the district court any pleading, evidence, or admission that establishes that it is more likely than not that jurisdiction lies"). Further, while the Court can retain jurisdiction and order jurisdictional discovery, the Court finds that this course of action would incentivize the filing of perfunctory notices of removal, shifting the burden of determining jurisdiction to the federal courts. *Cf. Abrego*, 443 F.3d at 692–93 (in CAFA context, noting that remanding to avoid premature removals was consistent with "existing principles regarding post-removal jurisdictional discovery, including the disinclination to entertain substantial, burdensome discovery on jurisdictional issues"); *see also Rollwitz v. Burlington N. R. R.*, 507 F. Supp. 582, 588 (D. Mont. 1981) ("No purpose is served by requiring the defendant, or the court, to speculate as to the amount in controversy when that amount can be ascertained from the plaintiff within a reasonable time through normal discovery procedures.").

As aforementioned, the appropriate course of action here would be for Defendant to remove within 30 days of receiving some "other paper" ascertaining that the value of the action exceeds the amount in controversy. *See, e.g., O'Keefe v. Target Corp.*, No. 19-CV-08470-JCS, 2020 WL 893786, at *3 (N.D. Cal. Feb. 25, 2020) (finding removal proper where defendant asked plaintiffs "for an estimate of their damages, and removing a mere eight days after receiving a definitive statement of a sufficient amount in controversy"); *Yazdchi v. Enersys Delaware, Inc.*, No. CV 17-07885-RGK-SSX, 2018 WL 581029, at *2 (C.D. Cal. Jan. 24, 2018) (concluding on a successive removal petition that defendant had met burden of showing that amount in controversy exceeded $75,000 after receiving evidence in discovery confirming that plaintiff sought $110,000 in damages).[3] Because

---

[3] The circumstances under which a party can bring a successive removal petition have some limitations. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 789 (9th Cir. 2018); *Reyes v.*

Defendant has not identified any such "other paper" here, the Court finds remand appropriate. *See Adelpour v. Panda Express, Inc.*, No. CV 10-02367 MMM (AGRx), 2010 WL 2384609, at *6 (C.D. Cal. June 8, 2010) (citing *Abrego*, 443 F.3d at 691–92) (holding that although "[i]t may lack efficiency to require the parties to return to state court until defendants receive a paper from plaintiffs" establishing the requisite amount in controversy and diversity of citizenship, "this is precisely what § 1446(b) requires").

## IV.  CONCLUSION

Accordingly, the Court **REMANDS** this action to the San Diego Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IT IS SO ORDERED.**

**DATED: June 1, 2021**

Hon. Cynthia Bashant
United States District Judge

---

*Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015); *but see Taylor v. Wal-Mart Assocs., Inc.*, 745 F. App'x 54, 55 (9th Cir. 2018) (vacating district court's decision to remand sua sponte based on non-jurisdictional defect). Newly discovered facts not available at the time of the first removal are not considered a bar to successive removal. *See Eriksson, LLC v. Loveland Prod., Inc.*, No. 1:20-cv-00703-DAD-SKO, 2020 WL 4200089, at *2 (E.D. Cal. July 22, 2020); *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1061–62 (C.D. Cal. 2014).